Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5163 | **DATE** | 11/7/2011 |
| **CASE TITLE** | Calvin L. Merritte ®-53322) vs. Thomas Templeton, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for relief from a judgment or order [38] is denied. Plaintiff's motion for extension of time [39] is granted as follows: Plaintiff is given until January 9, 2012 to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. If Plaintiff pays the filing fee by January 9, 2012, the court will reinstate this action. If Plaintiff files an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by January 9, 2012, the court will adjudicate such an application.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Calvin L. Merritte's (Merritte) *pro se* filing entitled "Motion for Relief From a Judgement or Order" (Motion for Relief) and motion for an extension. On August 25, 2010, this court denied Merritte's motion for leave to proceed *in forma pauperis*. The court gave Merritte until September 29, 2010, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. The court also warned Merritte that failure to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by September 29, 2010, would result in the dismissal of the instant action. Merritte did not pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by September 29, 2010, and on October 12, 2010, this court dismissed this action.

Merritte subsequently sent various filings to the Clerk of Court, including one filing on October 26, 2010. Merritte did not notice up the filing or otherwise bring the filing to the attention of this court. On November 1, 2010, Merritte filed an appeal in this action. On September 19, 2011, the Seventh Circuit ordered Merritte to file a memorandum explaining why his appeal should not be stayed as premature, pending

| STATEMENT |
|---|

the resolution of the October 26, 2010 filing which the Seventh Circuit indicated could be interpreted as a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)). The Seventh Circuit also ordered that a copy of the order be forwarded to this court.

This court considered Merritte's October 26, 2010, filing to be a Rule 59(e) Motion. Merritte indicated in his motion that he did not receive the court's August 25, 2010 order and its deadlines in a timely fashion because the order was sent to Centralia Correctional Center while he was on a court writ at Stateville Correctional Center. Although Merritte failed to provide any documentation or evidence to support his excuse for failing to comply with this court's deadlines, the court gave Merritte one final opportunity to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. Merritte was given until October 24, 2011 to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. The court indicated that if Merritte paid the filing fee by October 24, 2011, the court would reinstate this action and that if Merritte filed an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by October 24, 2011, the court would adjudicate such an application.

On October 3, 2011 Merritte filed the Motion for Relief. Merritte argues in the motion that this case was dismissed due to a clerical mistake and that the case should be reinstated. Merritte also reiterates that he desires to proceed *in forma pauperis*. However, the court has provided Merritte with an opportunity to have this case reinstated as long as he complies with the above-mentioned requirements. Merritte has still not filed an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. Therefore, the Motion for Relief is denied.

On October 31, 2011, Merritte filed a motion for extension of time to file an *in forma pauperis* application. Merritte contends that he is still waiting for a prison official to certify his prison trust account statement. The court will grant Merritte's motion for an extension. Merritte requests an additional 60 days. Merritte is given until January 9, 2012 to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. If Merritte pays the filing fee by January 9, 2012, the court will reinstate this action. If Merritte

| STATEMENT |
|---|
| files an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by January 9, 2012, the court will adjudicate such an application. |