# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5163 | **DATE** | 3/16/2012 |
| **CASE TITLE** | Calvin L. Merritte (R-53322) vs. Thomas Templeton, et al. | | |

**DOCKET ENTRY TEXT**

For the reason stated below, Plaintiff's motion to alter or amend judgment [49] and the amended motion to alter or amend judgment [52] are denied. Plaintiff also moves for appointment of counsel [50]. The court has previously denied two motions for appointment of counsel, and Plaintiff has not shown that appointment of counsel is warranted at this juncture. Therefore, the motion for appointment of counsel [50] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Calvin L. Merritte's (Merritte) *pro se* motions. On August 25, 2010, this court denied Merritte's motion for leave to proceed *in forma pauperis*. The court gave Merritte until September 29, 2010 to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement. The court also warned Merritte that failure to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by September 29, 2010 would result in the dismissal of the instant action. Merritte did not pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust fund account statement by September 29, 2010, and on October 12, 2010, this court dismissed this action. Merritte subsequently filed a motion for reconsideration, and on January 19, 2012, this court denied Merritte's motion for reconsideration.

In Merritte's *pro se* motion to alter or amend judgment and amended motion to alter or amend judgment, Merritte again requests that the court reconsider the dismissal of this action. Since Merritte is proceeding *pro se*, the court will liberally construe his filings. Merritte has not pointed to any new evidence

| STATEMENT |
|---|
| and has not shown that the court erred in dismissing the instant action. *See Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir. 2001)(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995))(stating that a court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy");*LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995))(stating that for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful)(quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Therefore, the motion to alter or amend judgment and the amended motion to alter or amend judgment are denied. Merritte also moves for appointment of counsel. The court has previously denied two motions for appointment of counsel, and Merritte has not shown that appointment of counsel is warranted at this juncture. Therefore, the motion for appointment of counsel is denied. |